UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLEN WAYNE HENDRIX                                    PLAINTIFF

v.                                          CIVIL ACTION NO. __3:15cv416WHB-JCG__

VERIZON WIRELESS (VAW), LLC                      DEFENDANT

### NOTICE OF REMOVAL

Defendant Verizon Wireless Personal Communications LP d/b/a Verizon Wireless (improperly sued and served as Verizon Wireless (VAW), LLC), pursuant to 28 U.S.C. sections 1441 and 1446, hereby gives notice of the removal of this civil action from the Circuit Court of Copiah County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. The following is a short and plain statement of the grounds for removal:

1.

This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. sections 1331 and 1332(a)(1). Removal is permitted by 28 U.S.C. sections 1441 and 1446.

2.

On May 18, 2015, Plaintiff Allen Wayne Hendrix filed a complaint in the Circuit Court of Copiah County, Mississippi, styled *Allen Wayne Hendrix v. Verizon Wireless (VAW), LLC*, Cause Number 2015-0148. (Ex. A, Compl.) In the complaint, Plaintiff seeks compensatory and punitive damages from Defendant Verizon Wireless Personal Communications LP d/b/a Verizon Wireless (improperly sued and served as Verizon Wireless (VAW), LLC) for calls he alleges Defendant made to his mobile phone. (*Id.* ¶¶ 5, 7, 11–15, & ad damnum clause.) Plaintiff

purports to plead four state-law claims and two claims arising under the federal Telephone Consumer Protection Act, 47 U.S.C. section 227. (*Id.* ¶¶ 16–34.)

3.

Federal question original jurisdiction exists under 28 U.S.C. section 1331 because this suit arises under the laws of the United States. Specifically, Plaintiff purports to plead two claims under the Telephone Consumer Protection Act, 47 U.S.C. section 227, which creates a private right of action and furnishes substantive rules of decision for that right of action. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012).

4.

Diversity of citizenship original jurisdiction exists under 28 U.S.C. section 1332(a)(1) because Plaintiff and Defendant are citizens of different states.

5.

Complete diversity of citizenship exists between Plaintiff and Defendant.

    A. Plaintiff is a citizen of, and domiciled in, the State of Mississippi. (Ex. A ¶ 1.)

    B. Defendant Verizon Wireless Personal Communications LP is considered a citizen of both the State of Delaware and the State of New Jersey. Under *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990), a limited partnership's citizenship is determined by the citizenships of its partners. Where a limited partnership or limited liability company has members which are themselves limited partnerships, limited liability companies, or other unincorporated entities, the citizenships must be traced down the various organizational layers. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

        i. Defendant Verizon Wireless Personal Communications LP consists of two

2

partners: Verizon Wireless South Area LLC and Verizon Wireless (VAW) LLC. The sole member of both companies is Cellco Partnership.

ii. Cellco Partnership has four partners:

a. Bell Atlantic Mobile Systems LLC, whose sole member is MCI Communications Services, Inc., a Delaware corporation with its principal place of business in New Jersey.

b. GTE Wireless Incorporated, a Delaware corporation with its principal place of business in New Jersey.

c. JV PartnerCo, LLC, whose sole member is Verizon Americas Inc., a Delaware corporation with its principal place of business in New Jersey.

d. PCS Nucleus, L.P., whose partners are JV PartnerCo, LLC and Verizon Holdings LLC. Verizon Americas Inc., a Delaware corporation with its principal place of business in New Jersey, is the sole member of both companies.

6.

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

A. Although the complaint does not state a specific sum of damages Plaintiff is seeking, it is nevertheless facially apparent the amount in controversy exceeds the jurisdictional threshold. Plaintiff states in the complaint that he is seeking an unspecified amount of punitive damages. (Ex. A, ad damnum clause.) "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified

3

amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, 2011 WL 1226095, at *3 (S.D. Miss. Mar. 29, 2011) (internal citation omitted).

B. Further, the following factual allegations in the complaint demonstrate the amount in controversy exceeds $75,000: Plaintiff states Defendant's alleged acts and omissions caused him to feel "aggrieved, violated, taken advantage of." (Ex. A ¶ 14. He also claims his "private personal life and business was [sic] invaded." (*Id.*) Plaintiff further alleges he "sustained an invasion of privacy, economic loss, emotional distress, and mental anguish." (*Id.* ¶ 15.)

7.

Under 28 U.S.C. section 1367(a), supplemental jurisdiction exists over Plaintiff's state-law claims because they form part of the same case or controversy under Article III of the United States Constitution as the claims within the Court's original jurisdiction.

8.

The United States District Court for the Southern District of Mississippi, Northern Division is the district and division embracing the place in which the action is pending: Copiah County, Mississippi. 28 U.S.C. § 104(b)(1).

9.

This Notice of Removal is timely under 28 U.S.C. section 1446(b)(1) because it is filed within thirty days of Defendant's receipt of a copy of the complaint.

10.

Pursuant to 28 U.S.C. section 1446(a) and Local Uniform Civil Rule 5(b), a copy of the entire state-court record is attached hereto as Exhibit B.

4

11.

In accordance with 28 U.S.C. section 1446(d), written notice of this Notice of Removal is being provided to Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of the state court in which the action was originally filed.

WHEREFORE, Defendant Verizon Wireless Personal Communications LP d/b/a Verizon Wireless (improperly sued and served as Verizon Wireless (VAW), LLC) files this Notice of Removal and hereby removes this civil action to the United States District Court for the Southern District of Mississippi, Northern Division. The case shall proceed no further in state court unless or until it is remanded by order of said United States District Court.

This 9th day of June 2015.    Respectfully submitted,

VERIZON WIRELESS PERSONAL COMMUNICATIONS LP

By: _____
Walter T. Johnson (MSB #8712)
James M. Tyrone (MSB #102381)
John B. Howell, III (MSB #102655)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, Mississippi 39205
Telephone: 601.965.1900
Email: *wjohnson@watkinseager.com*
       *mtyrone@watkinseager.com*
       *jhowell@watkinseager.com*

5

## CERTIFICATE OF SERVICE

I certify that today I sent a true and correct copy of the foregoing document via United States Postal Service to the following:

> Daniel D. Ware
> Ware Law Firm, PLLC
> 2609 U.S. Highway 49 South
> Florence, Mississippi 39073
> *Counsel for Plaintiff*

> Edna Stevens
> Circuit Clerk of Copiah County, Mississippi
> Post Office Box 467
> Hazlehurst, Mississippi 39083

This 9th day of June 2015.

/s/ John B. Howell, III