COPY

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**ALLEN WAYNE HENDRIX**                                                    **PLAINTIFF**

**VS.**                                                    CAUSE NO. 2015-0148

**VERIZON WIRELESS (VAW), LLC**                                        **DEFENDANT**

### COMPLAINT
(Jury trial is hereby requested)

COMES NOW, Plaintiff, Allen Wayne Hendrix, by and through counsel, and files this, his Complaint, against the Defendant, Verizon Wireless (VAW), LLC, and will show the following unto the Court, to-wit:

1. That Plaintiff is an adult resident citizen of Copiah County, Mississippi.

2. That based upon information and belief Verizon Wireless (VAW), LLC is a foreign Limited Liability Company, operating and doing business in the State of Mississippi and may be served with process by servicing its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. That this Court has jurisdiction and venue over this matter.

### FACTS

4. On or about the end of February 2014, Plaintiff began receiving phone calls to his cell phone from an unknown name.

5. When Plaintiff would take the call, an automated message was played stating to have Scott Tigner contact Verizon immediately.

FILED
MAY 18 2015

EUNICE STEVENS
CIRCUIT CLERK
BY_____ D.C.


EXHIBIT A

6. There was no way to opt out of receiving these calls or return the call to speak to a representative.

7. These calls kept coming in sometimes more than four (4) times a day.

8. Approximately March 26, 2014, Plaintiff then went to a Verizon Wireless store on 527 Lake Street, Hazlehurst, MS 39083.

9. Plaintiff requested that he not be contacted by Verizon regarding Scott Tigner.

10. After approximately thirty (30) minute wait, customer service informed Plaintiff the calls would cease.

11. Plaintiff has continued to receive these annoying calls on his cell phone and calls were still continuing a month later.

12. Plaintiff has no contract or business connection with Verizon nor has he ever authorized Verizon to contact him or authorized Verizon to contact him on the behalf of Scott Tigner.

13. Plaintiff is a commercial truck driver and use of his telephone is prohibited while driving.  When these calls would come, the calls cause the Plaintiff to have to pull over and check his phone. The actions and/or omissions of the Defendant interfered with his business transaction.  His work performance suffered due to time lost checking his phone and discovering these annoying calls.

14. That due to the actions and/or omissions of the Defendant, Plaintiff felt aggrieved, violated, taken advantage of, and his private personal life and business was invaded.

15. That due to the actions and/or omissions of the Defendant, Plaintiff sustained an invasion of privacy, economic loss, emotional distress and mental anguish.

## COUNT I NEGLIGENCE AND/OR GROSS NEGLIGENCE

16. Plaintiff herein incorporates the preceding paragraphs as if alleged fully herein.

17. The aforementioned acts and/or omissions and the hereinbelow mentioned acts and/or omissions of the said Defendants were negligent, grossly negligent and/or intentional, extreme and outrageous and, as a direct and/or proximate cause and/or result of same, Plaintiff has suffered damages and injuries as hereinbelow mentioned.

18. That due to the negligent actions and/or omissions of the Defendant were of a wanton and reckless disregard of the Plaintiff's rights by failing to cease communications and continuing the nuisance calls repeatedly to his phone.

19. That the Defendant owed the Plaintiff a duty to honor his privacy. The Defendant breached this duty.

## COUNT II INVASION OF PRIVACY

20. Plaintiff herein incorporates the preceding paragraphs as if alleged fully herein.

21. Plaintiff had no contract with the Defendant nor conducted any business with the defendant.

22. The actions and/or omissions of the Defendant caused a breach of good faith and fair dealing owed to Plaintiff by allowing his privacy to be invaded, and the annoying calls to continue thus caused him to suffer emotional distress, mental anguish and economic loss.

23. Defendant intentionally and knowingly intruded upon the solitude and/or seclusion of the Plaintiff by continuing to contact by after having requested to stop such contact with him.

## COUNT III INTERFERENCE WITH EMPLOYMENT

24. Plaintiff herein incorporates the preceding paragraphs as if alleged fully herein.

25. That the actions and/or omissions of the Defendant interfered with his regular course of business and caused him to suffer undue embarrassment, unreasonable inconvenience, loss of time and money, loss of opportunity, mental anguish, and other additional damages as set out herein.

## COUNT IV EMOTIONAL DISTRESS & MENTAL ANGUISH

26. Plaintiff herein incorporates the preceding paragraphs as if alleged fully herein.

27. That as a direct and proximate cause, the negligent actions and/or omissions of the Defendant caused the Plaintiff's privacy to be invaded, broke the duty of good faith and fair dealing the Plaintiff had with the Defendant, interfered with his regular conduction of business, all which caused him emotional distress, mental anguish and economic loss, all of which he is entitled to recover.

## COUNT V NEGLIGENT VIOLATION OF THE TELEPONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

28. Plaintiff herein incorporates the preceding paragraphs as if alleged fully herein.

29. The foregoing acts and omission of Defendant constitute numerous and multiple negligent violation of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et. seq.*

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation.

## COUNT VI KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET. SEQ.*

31. Plaintiff herein incorporates the preceding paragraphs as if alleged fully herein.

32. The foregoing acts and omission of Defendant constitute numerous and multiple knowing and/or willful violations of the Telephone Consumer Protection Act.

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et. seq.*, Plaintiff is entitled to statutory damages of $500.00, and an award of statutory trebled damages in the amount of $1,000.00 for each of Defendant's knowing and/or willful violations of the TCPA for each and every violation.

34. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Allen Wayne Hendrix, demands judgment of and from the Defendant for actual/compensatory damages and punitive damages, with pre-judgment and post-judgment interests, with all costs assessed to the Defendant, in an amount deemed proper by a jury.

Respectfully submitted,

ALLEN WAYNE HENDRIX, Plaintiff

By: _____
DANIEL D. WARE, His Attorney

**Daniel D. Ware (MSB 10,847)**
WARE LAW FIRM, PLLC
2609 US Highway 49 South
Florence, Mississippi 39073
(601) 845-9273
dware@warelawfirm.com